# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-300
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| SEAN TIERNEY,<br>*on behalf of R.T.*, | * * * * * | |
| Petitioner, | * * | Filed: October 9, 2019 |
| v. | * * | Motion for Decision Dismissing |
| SECRETARY OF HEALTH<br>AND HUMAN SERVICES, | * * * | Petition. |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Dean Michael Googasian*, The Googasian Firm, P.C., Bloomfield Hills, MI, for Petitioners.

*Robert Paul Coleman III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE[1]

On March 3, 2017, Sean Tierney filed a petition on behalf of R.T., a minor, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that the tetanus-diphtheria vaccine R.T. received on March 8, 2014, caused R.T. to suffer from peripheral neuropathy and dysfunction in his hands. Pet. at 1. Petitioner also alleged

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

that R.T. developed a rash and fever two-days following the administration of the vaccine and began not using his hands properly about a week after receiving the vaccine. *Id.* at 2.

After the claim's initiation Petitioner filed more medical records and exhibits to supplement the records and affidavit filed with his Petition. Respondent reviewed Petitioner's filings and filed a Rule 4(c) Report, maintaining that Petitioner had not met his burden of proof, and therefore was not entitled to compensation. *See* Resp.'s Rule 4(c) Report, filed Aug. 31, 2017 (ECF No. 11). Specifically, Respondent argued that Petitioner had: (1) failed to establish causation in fact; and (2) failed to put forth a reliable scientific theory explaining how R.T.'s injury was caused by the tetanus-diphtheria vaccine. *Id.* at 6.

Later, Petitioner and Respondent traded expert reports and supplemental expert reports. (ECF Nos. 13-2, 14, 21, 22-3). During this time, on May 9, 2018, an entitlement hearing was scheduled on October 15, 2019, and the parties were directed to file prehearing briefs. (ECF No. 17). Both parties filed their prehearing briefs in July 2019. (ECF Nos. 22, 23).

On October 8, 2019, a week before the scheduled entitlement hearing, Petitioner's counsel contacted my chambers and indicated that he now wanted to dismiss his claim. A status conference with the parties was held the same day, and Petitioner reiterated his desire to dismiss his claim and forgo the scheduled entitlement hearing. I instructed Petitioner that he should file a motion for decision dismissing his claim before the end of the week.

Now, Petitioner filed a motion for a decision dismissing his petition. Mot. to Dismiss, filed October 8, 2019 (ECF No. 25). In it, Petitioner explains—as he had done in the earlier status conference—that an investigation of the facts and science demonstrated to Petitioner that he would be unable to prove he was entitled to compensation in the Vaccine Program. *Id.* at 1. Petitioner acknowledged that under such circumstances it would be unreasonable to waste the resources of the court, Respondent, and Vaccine Program. *Id.* Petitioner also stated that he does intend to protect his rights to file a civil action in the future—and pursuant to Section 300-21(a)(2), he intends to reject the Vaccine Program Judgment against him and elect to file a civil action. *Id.* at 2. Respondent has not lodged an objection to the claim's dismissal.

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Therefore, without an entitlement hearing, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.